815 F.2d 702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie BURTON, Jr., Plaintiff-Appellant,
v.
Sgt. Irvin PALMER, Sgt. J.J., Mr. Simmons, an Officer, Mr.
Puller, an Officer (Jesse Pulley), Defendants-Appellees.
 No. 86-1492.
 United States Court of Appeals, Sixth Circuit.
 March 16, 1987.
 
 Before LIVELY, Chief Judge, WELLFORD, Circuit Judge, and CELEBREEZE, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff moves for counsel on appeal from the district court's judgment for the defendants after a jury trial in this prisoner's civil rights case. This Court ordered the preparation of a transcript at government expense which has now been received. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 At the time of the events described in the complaint, the plaintiff was a prisoner at the Berrien County jail in St. Joseph, Michigan. The defendants are jail officials. The complaint alleges that the plaintiff was illegally extradited from Michigan to Arkansas. It also alleges that the defendants used excessive force in transporting him. After the plaintiff presented his case, the district court directed a verdict on the illegal extradition issue. The jury then found for the defendants on the excessive force claims.
 
 
 3
 In his informal brief, the plaintiff argues that the district court failed to instruct the jury concerning his right to counsel at a state habeas extradition proceeding. The plaintiff also argues that the district court failed to instruct concerning the use of excessive restraint while on the airplane flying from Michigan to Arkansas. Under Rule 51, Federal Rules of Civil Procedure, a party must state objections to the jury instructions before the jury retires to consider its verdict. In the present case, the district court offered the plaintiff the opportunity to object to the instructions, but he declined to do so. Therefore, he cannot raise any jury instruction issues on appeal. Murphy v. Owens-Illinois, Inc., 779 F.2d 340, 345-46 (6th Cir.1985).
 
 
 4
 The plaintiff also argues that he was not allowed to participate in the formulation of the jury instructions. Besides being given the opportunity to object to the instructions after they were given, the plaintiff was also served with copies of the defendants' proposed jury instructions. The plaintiff could have tendered his own jury instructions at this time. So this issue is also without merit.
 
 
 5
 The plaintiff also raises two arguments concerning the conduct of the trial. He argues that it was improper to restrict him to ten minutes for closing argument while the defendants were allowed as much time as they wanted. He also argues that it was inappropriate to restrict him to remaining at counsel table during trial.
 
 
 6
 Every trial judge is charged with primary responsibility for insuring the judicial proceedings over which he presides are carried out with decorum and dispatch; and thus every judge has very broad discretion in ordering the day-to-day activities of his court. CBS, Inc. v. Young, 522 F.2d 234, 241 (6th Cir.1975) (per curiam). The plaintiff was allowed extensive time for the presentation of his case and the cross-examination of the defendants' witnesses. Therefore, the court did not abuse its discretion when it limited time for closing argument.
 
 
 7
 The defendants apparently requested that the plaintiff be confined to counsel table as a security measure. When they made this request, the trial judge asked the plaintiff if he had any disagreement with this procedure, and the plaintiff said that it did not matter. On these facts, there was no abuse of discretion when the district court granted the defendants' request.
 
 
 8
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.